```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KEVIN L. JEFFERSON,

                          Plaintiff,
                                                    MEMORANDUM & ORDER
          -against-                                 13-CV-5648(JS)(ARL)

EDWARD WEBBER, Commissioner, SERGEANT
RENE GARCIA, POLICE OFFICER CHRISTOPHER
VERWYS, POLICE OFFICER MIGUEL VIAS,
POLICE OFFICER GLEN DALEO, POLICE
OFFICER JESSICA VITALE, and
COUNTY OF SUFFOLK,

                          Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:         Kevin L. Jefferson, pro se
                       8 Candlewood Road
                       N. Bay Shore, NY 11706

For Defendants:        Brian C. Mitchell, Esq.
                       Suffolk County Dep't of Law
                       100 Veterans Memorial Highway
                       P.O. Box 6100
                       Hauppauge, NY 11788
```

SEYBERT, District Judge:

Currently pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation dated August 10, 2016 (the "R&R"), with respect to defendants Edward Webber, Sergeant Rene Garcia, Police Officer Christopher Verwys, Police Officer Miguel Vias, Police Officer Glen Daleo, Police Officer Jessica Vitale, and the County of Suffolk's (collectively, "Defendants") motions to dismiss for lack of prosecution, (Docket Entry 34 and 35). Judge Lindsay recommends that Defendants'

motions be granted. (R&R, Docket Entry 37, at 1.) Plaintiff Kevin L. Jefferson ("Plaintiff") has filed objections, which are presently before the Court. (Pl.'s Obj., Docket Entry 40.) For the reasons set forth below, Plaintiff's objections are OVERRULED and Judge Lindsay's R&R is ADOPTED in its entirety.

BACKGROUND

On October 8, 2013, Plaintiff commenced this action asserting claims pursuant to 42 U.S.C. Section 1983 in connection with his June 2013 arrest. (See generally Compl.) On May 6, 2015, Judge Lindsay scheduled a final pre-trial conference for January 26, 2016. (May 2015 Order, Docket Entry 16.) Judge Lindsay directed the parties to file a joint pretrial order prior to the conference. (May 2015 Order.)

Plaintiff failed to appear at the January 26, 2016 pretrial conference. (Jan. Minute Entry, Docket Entry 18.) Judge Lindsay rescheduled the pretrial conference for February 18, 2016, and directed Plaintiff to file a submission by February 11, 2016, explaining why this action should not be dismissed. (Jan. Minute Entry). On February 11, 2016, Plaintiff filed a letter stating that he failed to appear at the January pretrial conference because he wrote the date in the "schedules" application on his cell phone and lost his cell phone in late December 2015. (Pl.'s Feb. Ltr., Docket Entry 11, at 1.) Plaintiff indicated that he planned to

appear at the pretrial conference scheduled for February 18, 2016. (Pl.'s Feb. Ltr. at 2.)

On February 18, 2016, Plaintiff appeared at the final pretrial conference. (Feb. Minute Entry, Docket Entry 22.)[1] Judge Lindsay deemed all discovery to be complete, extended the deadline to take the first step in the dispositive motion process to March 21, 2016, and directed the parties to submit their proposed joint pretrial order on or before April 22, 2016. (Feb. Minute Entry.) On March 28, 2016, Defendants served Plaintiff with their Local Rule 56.1 Statement. (Docket Entry 23.)

On April 22, 2016, Defendants filed a letter indicating that they failed to receive "any information from the plaintiff regarding what, if anything, he wishes to be included in the proposed [pretrial] order." (Defs.' Apr. Ltr., Docket Entry 24.) Defendants requested that Judge Lindsay recommend to this Court that this action be dismissed, or that Plaintiff be precluded from introducing evidence or witnesses at trial. (Defs.' Apr. Ltr.) On April 27, 2016, Judge Lindsay issued an Electronic Order providing Plaintiff with "one final opportunity to serve defendants with his portion of the joint pretrial order by May 13,

---

[1] On February 12, 2016, Defendants filed a letter motion to dismiss this action for failure to prosecute. (Defs.' Feb. Mot., Docket Entry 20.) Defendants' motion was terminated on February 18, 2016, in connection with Judge Lindsay's final pretrial conference.

3

2016." Judge Lindsay indicated that Plaintiff's failure to participate in the pretrial process would result in a recommendation that this case be dismissed for failure to prosecute. On April 27, 2016, Defendants served Plaintiff by mail with a copy of Judge Lindsay's April 27, 2016 Electronic Order. (Docket Entry 25.)

On May 13, 2016, Defendants filed a letter motion to dismiss this action for failure to prosecute, alleging that Plaintiff failed to provide any information regarding the pretrial order. (Defs.' May 2016 Mot., Docket Entry 26.) The Assistant County Attorney handling this matter, Brian Mitchell, Esq., indicated that he had had no contact with Plaintiff, and Plaintiff failed to timely provide his Local Rule 56.1 Counterstatement by April 29, 2016. (Defs.' May 2016 Mot.) That same day, Plaintiff filed a letter requesting: (1) an extension of time to file his portion of the joint pretrial order and to "respond to the defendants' motion for summary judgment," and (2) that discovery be reopened. (Pl.'s May 2016 Ltr., Docket Entry 28.) However, Plaintiff's letter was not docketed until May 17, 2016.

On May 24, 2016, Judge Lindsay denied Defendants' motion to dismiss for failure to prosecute but directed Plaintiff to reimburse Defendants for their reasonable expenses incurred in filing their motion. (May 2016 Order, Docket Entry 29.) Judge Lindsay provided Plaintiff with a final opportunity to provide his

portion of the pretrial order to Defendants by June 3, 2016, and noted that "[a]s is his pattern, [Plaintiff] waited until the defendants filed the instant motion to seek an extension of time to submit his portion of the pretrial order and his Rule 56.1 Counterstatement." (May 2016 Order at 3.) Judge Lindsay declined to grant additional extensions and indicated that she would recommend that this action be dismissed if Plaintiff failed to comply or failed to reimburse Defendants for their costs. (May 2016 Order at 3.)

On June 3, 2016, Defendants filed a letter motion requesting: (1) attorneys' fees totaling $300 in connection with Judge Lindsay's May 23, 2016, Order, and (2) that this action be dismissed based on Plaintiff's failure to provide information regarding the pretrial order. (Defs.' Jun. 2016 Ltr., Docket Entry 30.) That same day, Defendants filed an additional letter indicating that Plaintiff called Mr. Mitchell's office at approximately 3:15 p.m. and advised his secretary that he would be filing the pretrial order that day and mailing Defendants a copy the following day. (Defs.' Sec. Jun. 2016 Ltr., Docket Entry 31.) Defendants renewed their request for dismissal of this action based on Plaintiff's repeated failure to comply with judicial directives. (Defs.' Sec. Jun. 2016 Ltr.) Plaintiff filed his portion of the joint pretrial order on June 3, 2016. (Docket Entry

32.) To date, Plaintiff has not filed proof of service of the joint pretrial order.

On June 7, 2016, Judge Lindsay denied Defendants' letter motion to dismiss for failure to prosecute with leave to renew if they failed to receive Plaintiff's portion of the joint pretrial order by June 10, 2016. (Jun. 2016 Order, Docket Entry 33, at 2.) Judge Lindsay also found Defendants' requested fee award to be reasonable and directed Plaintiff to remit $300 to Defendants on or before July 1, 2016. (Jun. 2016 Order.) Judge Lindsay further stated that "[P]laintiff is warned that his failure to [remit $300 to Defendants] may result in a recommendation that the case be dismissed for failure to prosecute." (Jun. 2016 Order.)

On June 18, 2016, Defendants renewed their request for dismissal, alleging that Plaintiff failed to serve his portion of the pretrial order. (Defs.' Third Jun. 2016 Ltr., Docket Entry 34.) On July 17, 2016, Defendants filed an additional motion to dismiss, contending that Plaintiff failed to remit the $300 sanctions and still had not served his portion of the pretrial order. (Defs.' Fourth Jun. 2016 Ltr., Docket Entry 35.) Plaintiff failed to respond to either of Defendants' motions to dismiss.

A.  The R&R

On August 10, 2016, Judge Lindsay issued her R&R recommending that Defendants' pending motions to dismiss be granted. Judge Lindsay stated that "[d]espite being repeatedly

6

advised by both the court and counsel for the defendants that he had an obligation to prepare his portion of the pretrial order and pay the $300 sanction, the plaintiff failed to take any further action on the case." (R&R at 5.) Judge Lindsay also determined that a lesser sanction than dismissal will not "alleviate the prejudice to defendants in keeping the case open to say nothing of the need to alleviate court congestion where plaintiff has ignored every order issued by this Court." (R&R at 5.)

On August 31, 2016, Plaintiff filed his Objections to the R&R, essentially arguing that Judge Lindsay's recitation of the procedural history in this matter is inaccurate. (See generally Pl.'s Obj.) Specifically, Plaintiff alleges that he was not warned at the February 18, 2016, conference that his failure to file his portion of the pretrial order could result in dismissal. (Pl.'s Obj. at 4-5.) Plaintiff also alleges that while Judge Lindsay stated that he waited until Defendants filed their motion to dismiss to seek an extension of time to file his portion of the pretrial order and Rule 56.1 Counterstatement, (R&R at 3), in actuality, he filed his extension request on the date that his submission was due, (Pl.'s Obj. at 6). Additionally, Plaintiff avers that while Judge Lindsay stated that his request for an extension failed to provide an explanation for his non-compliance, (R&R at 3), Plaintiff indicated that he needed additional time in

order to address Defendants' Rule 56.1 Statement[2] and move to reopen discovery, (Pl.'s Obj. at 7-8). Finally, Plaintiff attempts to move for an order vacating Judge Lindsay's award of sanctions, noting that he is indigent and proceeding in this matter in forma pauperis. (Pl.'s Obj. at 11-12.)

Defendants oppose Plaintiff's Objections and principally argue that Plaintiff "misstates the chronological progression of the Magistrate[']s Orders and his repeated failures," noting that they have not received the allegedly mailed copy of Plaintiff's portion of the pretrial order or the $300 sanction imposed by Judge Lindsay.[3] (Defs.' Resp., Docket Entry 41, at 2-3.)

## DISCUSSION

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291

---

[2] Plaintiff alleges that he needed additional time "because Defense Counsel, in his endeavor towards moving for summary judgment had knowingly filed perjurious [sic] affidavits, taking the lesser of two evils to knowingly advance a fraudulent defense." (Pl.'s Obj. at 8 (internal quotation marks and citation omitted).) The Court assumes Plaintiff is referring to Defendants' Local Rule 56.1 Statement, which was served on March 28, 2016. (See Docket Entry 23.)

[3] Defendants also argue that Plaintiff's Objections should be denied as untimely. (Defs.' Resp. at 1.) However, in an Electronic Order dated October 7, 2016, this Court granted Plaintiff's August 26, 2016, motion for an extension of time to file objections to the R&R nunc pro tunc.

8

(S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The Court conducts a de novo review of any portion of the report and recommendation that a party objects to. Walker, 216 F. Supp. 2d at 292.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Dismissal pursuant to Rule 41(b) is a "harsh remedy" reserved for "extreme cases" and courts are particularly reluctant to dismiss pro se claims on this basis. Melendez v. City of N.Y., No. 12-CV-9241, 2014 WL 6865697, at *2 (S.D.N.Y. Dec. 4, 2014). "Nevertheless, in appropriate circumstances, courts have dismissed such claims for failure to prosecute." Id. (collecting cases).

In determining motions to dismiss for lack of prosecution, the Court weighs the following factors:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

Watkins v. Matarazzo, No. 13-CV-2477, 2016 WL 3351079, at *2 (S.D.N.Y. Jun. 14, 2016) (quoting Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014)). "No single factor is generally dispositive." Baptiste, 768 F.3d at 216.

The Court has reviewed the R&R and finds no error in Judge Lindsay's recommendation that this action be dismissed for failure to prosecute. Plaintiff's failure to comply with Court Orders dates back to January 2016, when he failed to appear at the final pretrial conference. (Jan. Minute Entry.) As set forth in great detail above, Plaintiff undisputedly failed to submit his portion of the pretrial order by April 22, 2016, in accordance with Judge Lindsay's Order. (Feb. Minute Entry; Defs.' Apr. Ltr.) While Plaintiff eventually filed his portion of the pretrial order on June 3, 2016, Defendants allege that they have yet to receive a copy by mail notwithstanding Plaintiff's representation that he mailed the pretrial order on June 4, 2016. (Defs.' Resp. at 2; Pl.'s Obj. at 13.) Moreover, Plaintiff has undisputedly failed to

10

pay the $300 sanction imposed pursuant to Judge Lindsay's Orders. (See May 2016 Order; Jun. 2016 Order.)

Additionally, while Plaintiff alleges that he was not warned at the February 18, 2016, pretrial conference that his failure to file his portion of the pretrial order could result in dismissal, (Pl.'s Obj. at 4-5), the docket indicates that Judge Lindsay repeatedly cautioned Plaintiff that his failure to comply with Court Orders might result in such a recommendation. (See Jan. Minute Entry; Apr. 27, 2016 Elec. Order ("[f]ailure to [serve defendants with Plaintiff's portion of the joint pretrial order] will result in a recommendation that the case be dismissed for failure to prosecute. The plaintiff has been repeatedly warned that dismissal for failure to prosecute will be a dismissal with prejudice"); May 2016 Order at 3 ("[t]he undersigned . . . will recommend dismissal if [Plaintiff] fails to comply with this order or to reimburse the defendants the cost of the application"); Jun. 2016 Order (holding that plaintiff's failure to remit the $300 sanction to Defendants "may result in a recommendation that the case be dismissed for failure to prosecute").) Cf. Melendez, 2014 WL 6865697, at *2 ("[t]he Second Circuit has recently counseled that, in light of the harsh nature of this remedy, District Courts must be sure to 'disclose [the] deliberative path' taken in concluding that dismissal is warranted under Rule 41(b)") (quoting Baptiste, 768 F.3d at 217; alteration in original).

11

In terms of the remaining factors, "[p]rejudice to [Defendants], the third factor, may be presumed because [Plaintiff] has unreasonably delayed the progress of this case." Stanley v. Ercole, No. 09-CV-4646, 2015 WL 3883584, at *5 (E.D.N.Y. Jun. 23, 2015). But see Baptiste, 768 F.3d at 218 ("defendants have not pointed to any concrete way that they have suffered or will suffer prejudice due to [the plaintiff's] delay"). The fourth factor "points slightly in favor of dismissal or is neutral" since "the burdens imposed by Plaintiff's failure to participate have not been onerous." Melendez, 2014 WL 6865697, at *3. Nevertheless, the Court notes that Plaintiff's failure to timely participate in the pretrial process necessitated that Judge Lindsay reschedule the pretrial conference and issue Orders regarding Plaintiff's non-compliance and/or request for extension in April, May, and June 2016. Finally, as Plaintiff has failed to remit the $300 sanction imposed by Judge Lindsay, it is clear that a sanction less drastic than dismissal will not be effective.

The Court is not persuaded by Plaintiff's attempt to dissect the R&R's recitation of the procedural history of this matter. Plaintiff argues that Judge Lindsay erred in stating that his "pattern" was to wait until Defendants moved to dismiss and then file a request for an extension of time. (Pl.'s Obj. at 9.) Particularly, Plaintiff alleges that he was informed about Defendants' May 2016 motion to dismiss when he filed his request

12

for an extension of time on May 13, 2016, and he avers that Defendants' motion was premature since it was filed before Plaintiff's time to file his submission or request an extension expired. (Pl.'s Obj. at 9.) However, the question of whether Plaintiff waited until Defendants filed their motion to dismiss to request an extension is irrelevant, as is the alleged prematurity of Defendants' motion. It is undisputed that rather than complying with Judge Lindsay's Order and filing his portion of the final pretrial order by May 13, 2016, Plaintiff waited until the day his submission was due to request an extension and further delayed the pretrial process.

Moreover, it is not lost on the Court that the May 13, 2016, deadline was effectively Plaintiff's third deadline to file his portion of the pretrial order. The parties were initially required to submit their pretrial order in advance of the January 26, 2016, pretrial conference that Plaintiff failed to attend. Judge Lindsay then directed the parties to submit their pretrial order by April 22, 2016. (See Feb. 2016 Minute Entry.) When Plaintiff failed to submit his portion of the pretrial order by April 22nd, he was provided another opportunity to do so by May 13th. (See Apr. 27, 2016 Elec. Order.)

Similarly, while Plaintiff takes issue with Judge Lindsay's statement that his May 13, 2016, request for an extension failed to provide an explanation for his failure to comply, (Pl.'s

Obj. at 7-8), the Court concurs with Judge Lindsay. In his request for an extension, Plaintiff alleged that he required additional time to address Defendants' Rule 56.1 Statement and move to reopen discovery due to Defendants' alleged misstatements; however, he failed to elucidate why he was unable to submit his portion of his pretrial order by May 13, 2016. (Pl.'s May 2016 Ltr.)

Finally, to the extent Plaintiff requests that the Court "vacat[e]" Judge Lindsay's Order imposing sanctions of $300, (Pl.'s Obj. at 11), Plaintiff failed to object to Judge Lindsay's Orders awarding attorneys' fees and costs to Defendants for the preparation of their May 2016 motion to dismiss, and the time to do so had expired at the time he filed his Objections on August 31, 2016. See FED. R. CIV. P. 72(a). (See also May 2016 Order; Jun. 2016 Order.)

CONCLUSION

For the foregoing reasons, Plaintiff's Objections (Docket Entry 40) are OVERRULED and Judge Lindsay's R&R (Docket Entry 37) is ADOPTED in its entirety. Defendants' motions to dismiss for lack of prosecution (Docket Entries 34 and 35) are GRANTED. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and mark this case CLOSED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for

the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     February  24 , 2017
           Central Islip, New York